LEMMON, Judge,
concurs and assigns reasons.
The liability of Rittiner and Bourgeois should be determined on the basis of the liability of an owner-guardian of a thing under C.C. art. 2317. Loescher v. Parr, 324 So.2d 441 (La.1975); see Arceneaux v. Domingue, 365 So.2d 1330 (La.1978), which applied C.C. art. 2317 in the case of a vehicle’s brake failure.
C.C. art. 2317 imposes legal fault on the guardian of the thing for damage caused by a defect in the thing, without consideration of personal negligence by the guardian. Therefore, no consideration of direct or circumstantial evidence of negligence is necessary to the decision as to the liability of these defendants.
On the question of Goodyear’s liability, I agree that the trial court did not err manifestly in concluding Rittiner and Bourgeois failed to prove the harm was caused by Goodyear’s fault so as to escape liability under C.C. art. 2317.[1]

. If Goodyear’s fault had been proved the cause of plaintiffs harm, Rittiner and Bourgeois would still be liable to plaintiff, because the responsibility imposed on the guardian for the thing under his control is not delegable, and the guardian is not relieved of his responsibility to an innocent victim damaged by a defect in the thing on the basis that defect was created by a third party who performed services on the thing on behalf of the guardian. As to the victim, the guardian and the third party would be solidarily liable, although as between the guardian and the third party who created the defect in the thing, the third party could be liable for the whole debt under C.C. art. 2106. Thus, plaintiff’s failure to sue Goodyear within the prescriptive period would not have been a proper basis from dismissing the suit entirely, even if the proof by Rittiner and Bourgeois against Goodyear had been sufficient.